IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **GEORGE HOWARD CLAY,** § | | |
| **TDCJ-CID No. 658987,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | **CIVIL ACTION V-07-83** |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

George Howard Clay ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment. Dkt. No. 18. Having considered the motions, record and relevant law, the Court finds that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### Background

Petitioner claims that his rights were violated in the course of disciplinary proceeding number 20070125633. Dkt. No. 1 at 5. Petitioner was charged with refusing to accept a housing assignment. Disciplinary Hearing Record ("DHR") at 2. Petitioner was notified of the charge on January 3, 2007 and attended a hearing on January 5, 2007, where he was found guilty. *Id.* at 1. The Disciplinary Hearing Officer imposed the following punishment: 45 days loss of recreation; 45 days loss of commissary; 45 days loss of property; 45 days of cell restriction; and six days lost good time credit. *Id.*

On January 14, 2007, Petitioner submitted a Step 1 grievance form. Disciplinary Grievance Record ("DGR") at 2. This grievance claims that there is no offense code for refusing to accept a housing assignment, and also makes an unclear argument about the charging officer. *Id.* at 1-2. The Step 1 grievance was rejected on February 14, 2007. *Id.* at 2.

On February 26, 2007, petitioner submitted a Step 2 grievance form. *Id.* at 4. Petitioner's claims in the Step 2 grievance are very unclear, but seems to argue that Senior Warden Williams, who entered the response to Petitioner's Step 1 grievance, erred in doing so because the response contained "information concerning Assistant Warden Rocky Moore who entered a grievance response to" an earlier disciplinary report. *Id.* at 3. This grievance was rejected on March 23, 2007. *Id.* at 4.

Petitioner signed and mailed the instant federal habeas corpus petition on September 25, 2007. Dkt. No. 1 at 9.

## Claims and Allegations

Petitioner alleges four grounds for his claim that his due process rights were violated:

1. The charge and the charging officer do not exist;

2. The hearing officer was not impartial;

3. The hearing was held earlier than Petitioner was told it would be held; and

4. The Step 2 grievance response was inadequate because it did not address Petitioner's allegations.

## Summary Judgment

Respondent is entitled to summary judgment if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the [respondent] is entitled to judgment as a

matter of law." FED. R. CIV. PRO. 56(c). Respondent, as the movant, bears the burden of convincing the court that this standard has been satisfied.

## Exhaustion of Administrative Remedies

Petitioner's first, second, and third claims are barred for failure to exhaust administrative remedies. Before bringing a habeas corpus petition in federal court, Petitioner must exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). Here, Petitioner's administrative remedy was the two-step grievance procedure outlined above. Petitioner must, however, present all of his claims at each of the steps in the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Petitioner failed to mention the second and third claims anywhere in his grievance forms, and while he argued this first claim in his Step 1 grievance, he failed to do so on his Step 2 form. This does not satisfy the requirements of exhaustion, and thus these claims are procedurally barred.

Petitioner has not alleged the "extraordinary circumstances," *Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.-DC*, 826 F.2d 320, 329 (5th Cir. 1987), or good cause and actual prejudice necessary to overcome the procedural bar. *Johnson v. Cain*, 215 F.3d 489 (5th Cir. 2000).

## Unexhausted Claim

Petitioner's fourth claim, that the response to his Step 2 grievance was inadequate, is meritless. Petitioner's grievance form, as mentioned above, is almost incomprehensible. It does not appear to raise any actual procedural error or claim of inadequate evidence to support the charge. Given this, the responding official, one Kelli Ward, responded as best as could be asked, stating that there was sufficient evidence for a finding of guilt and that there were no apparent due process errors.

Thus, Petitioner's sole claim that is not procedurally barred has no merit, and summary judgment should be granted for Respondent.

## Petitioner's Miscellaneous Motions

Petitioner also filed two motions during the pendency of this case. First, Petitioner filed a Motion for Leave to Enforce Civil and Criminal Contempt Sanctions. Dkt. No. 12. Petitioner's argument essentially attacks his underlying conviction, and is thus irrelevant to the instant petition. This motion should thus be denied. Second, after the Court granted Respondent's motion for extension of time, Petitioner filed a Motion for Reconsideration of that order. Dkt. No. 15. This motion involves the same semi-coherent arguments that Petitioner's other filings in this case do. It provides no reason for the Court to reconsider its earlier order, and thus should be denied.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

Based on the foregoing:

1. Respondent's Motion for Summary Judgment (Dkt. No. 18) is GRANTED;

2. Petitioner's Motions for Leave to Enforce Civil and Criminal Contempt Sanctions (Dkt. No. 12) and for Reconsideration (Dkt. No. 15) are DENIED;

3. This Petition for a Writ of Habeas Corpus is DENIED; and

4. A Certificate of Appealability shall not issue.

It is so ORDERED.

SIGNED this 15th day of October, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE